IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| DEBORAH BAKER, ) | WESTERN DIVISION |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 4:11-cv-00015-JMM |
| ) | |
| THE PNC BANK CORP. AND ) | |
| AFFILIATES LONG TERM DISABILITY ) | |
| PLAN, ) | |
| Defendant. ) | |

## ORDER OF CONFIDENTIALITY

Defendant's Motion for Entry of an Order of Confidentiality is GRANTED, accordingly, it is hereby Ordered that:

1. All confidential or highly confidential information produced in the instant action shall be subject to the terms and provisions set forth herein.

2. The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

   a. "CONFIDENTIAL" information means any information not generally available to the public that is disclosed in the course of proceedings in this action, including, but not limited to, personnel documents and/or information; job descriptions; performance documents and information; documents concerning personnel actions; information concerning present and/or former employees of Defendant; Plaintiff's wage, salary and benefit information; documents and/or information from medical consultants, experts, health care providers and/or other third parties concerning Plaintiff; medical and/or HIPAA protected information concerning Plaintiff; and any other confidential documents that are/were not generally available to the public.

   b. "HIGHLY CONFIDENTIAL" information means any information that is not generally available to the public; is only disclosed with restricted access in the course of proceedings of this action; and Defendant believes to be extremely sensitive and the disclosure of which could cause

irreparable harm, including, but not limited to, financial, monetary, pricing and/or fee information; trade secrets; intellectual property; proprietary and/or confidential business and/or commercial information; business, strategic and/or marketing models and/or plans; consulting documents and/or agreements; information concerning the relationship between Sedgwick and PNC, including, but not limited to, the Services Agreement between Sedgwick and PNC; policies, protocols, practices, models, methods, designs, reports, data, audits, compilations, plans, communications and procedures of Defendant, including, but not limited to, The PNC Bank Corp. and Affiliates Long Term Disability Plan, the Trust Agreement and/or other information concerning funding of the Plan, and related plan documents and/or information; communications between Defendant and any third party administrator or claims administrator; documents and information concerning benefits and/or benefits claims; documents and/or information from consultants and/or experts, and any other information deemed by Defendant to be extremely sensitive and highly confidential.

3. Any CONFIDENTIAL and HIGHLY CONFIDENTIAL information produced in this action shall be used solely for the purpose of good faith litigation of the above-captioned matter and for no other purpose. Counsel for the parties shall designate CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information by stamping the word "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" on each page of any such document or pleading.

4. Material or information designated as CONFIDENTIAL may only be disclosed to and/or examined by the following persons:

    a. Defendant;

    b. Plaintiff;

    c. the parties' respective counsel and employees of the parties' counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this action;

    d. court reporters or stenographers only to the extent necessary to prepare records of sworn testimony in the instant action; and

    e. magistrates, judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in or related to the instant action.

5. Material or information designated as HIGHLY CONFIDENTIAL may only be disclosed to and/or examined by the persons identified in Sections 4(c) through (e) above.

6. To the extent that any person identified in Paragraph 4 above is allowed access to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information, such person shall not disclose to any other individual and/or entity such information, and shall not retain such information beyond the time period necessary to accomplish the purpose for which disclosure to such person was permitted.

7. The originating or producing party may waive the confidentiality provisions of this Order of Confidentiality as to any information designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, or any portion thereof, only by explicit written waiver, executed by both parties and/or its counsel on a date following the entry of this Order of Confidentiality. Such waiver shall not result in a waiver of the confidential status of any other information deemed CONFIDENTIAL and/or HIGHLY CONFIDENTIAL pursuant to this Order of Confidentiality. No parties shall be deemed to have waived the confidentiality provisions of this Order of Confidentiality, and/or any CONFIDENTIAL or HIGHLY CONFIDENTIAL information prior to this Order of Confidentiality.

8. The Administrative Record produced by Defendant contains CONFIDENTIAL AND HIGHLY CONFIDENTIAL information as defined herein and the Administrative Record produced by Defendant in this case will be filed under seal. All other documents consisting of or containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information to be filed with the Court shall be filed under seal. Information to be filed under seal shall be submitted in a sealed envelope bearing the caption of the case, the title and date of the document and the legend

"Confidential - To Be Filed Under Seal," and must be accompanied with a motion for leave to file such information under seal with the Court.

9. To the extent there is any statement(s) or testimony of any person with respect to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information, such statement(s) and/or testimony shall be deemed CONFIDENTIAL and/or HIGHLY CONFIDENTIAL, respectively, including but not limited to the transcript or a portion thereof that contains such CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information.

10. Any party that desires relief from the provisions of this Order of Confidentiality or desires further protection with respect to CONFIDENTIAL or HIGHLY CONFIDENTIAL information may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days notice to counsel for the parties.

11. Any CONFIDENTIAL or HIGHLY CONFIDENTIAL information may be offered into evidence at trial in open court (a) upon reasonable written notice and an opportunity to be heard before the Court prior to disclosure, unless the party that produced such information obtains an appropriate protective order from the Court directing a closed session, or (b) by use of jointly marked exhibits.

12. This Order of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, and/or terminated by written agreement of the parties hereto or by court order.

13. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL information (and all copies thereof) which are in the possession, custody or control of any person other than the party which produced such

documents or items shall either be returned to the party which produced such documents/items or destroyed. If destroyed, a detailed affidavit to the effect shall be delivered within thirty (30) days after the conclusion of this action to the party which produced such document or items.

14. Nothing in this Order constitutes an admission or agreement that any document and/or information is subject to discovery and/or is admissible as evidence in this case.

SO ORDERED:

Dated: 4/1/11    *[signature]*